```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT BLUEFIELD
```

**DEBORAH COLLINS, Individually and**
**as Sole Heir and Beneficiary of**
**AMELIA ANN MYERS,**

    **Plaintiff**

v.                                           Civil Action No: 1:15-07082

**T.D. AUTO FINANCE, et al.,**

    **Defendants**

### MEMORANDUM OPINION AND ORDER

This matter is before the court on the court's sua sponte consideration of subject matter jurisdiction.

This case was originally filed in the Circuit Court of McDowell County.  On June 2, 2015, it was removed to this court.  Thereafter, on June 29, 2015, plaintiff filed a "Withdrawal of Action From Federal Court" indicating that she "withdraws this action pursuant to the nonsuit of the original action filed in the Circuit Court of McDowell County, West Virginia. . . . " (Doc. No. 8).

By Memorandum Opinion and Order entered on August 12, 2015, the court informed the parties that it was going to construe plaintiff's filing as motion to dismiss pursuant to Federal Rule of Civil Procedure 41(a)(2).  The court further ordered as follows:

> The parties (INCLUDING PLAINTIFF) are directed to file
> their objections, if any, to the voluntary dismissal of

this action within 14 days of entry of the Memorandum Opinion and Order. Furthermore, given that a counterclaim has been filed, the parties should inform the court of how the counterclaim would proceed in the event of dismissal.

Having now received responses from the parties relevant to the court's Order of August 12, 2015, see Docs. No. 16 through 20, as well as having conducted a thorough review of the entire record herein, the court has serious concerns that the amount in controversy in this matter fails to meet the requisite threshold to establish this court's subject matter jurisdiction.

### Removal Principles

With respect to this court's power to remand a case to state court, the United States Court of Appeals for the Fourth Circuit has stated:

> In the case where remand is based on a lack of subject matter jurisdiction, the remand order may be entered at any time, for jurisdiction goes to the very power of the court to act. See 28 U.S.C. § 1447(c); Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94, 118 S. Ct. 1003, 140 L. Ed.2d 210 (1998). In addition, because the lack of subject matter jurisdiction may be noticed by the district court sua sponte or by any party, see Arbaugh v. Y & H Corp., 546 U.S. 500, 506, 126 S. Ct. 1235, 163 L. Ed.2d 1097 (2006); Caterpillar Inc. v. Lewis, 519 U.S. 61, 69, 117 S. Ct. 467, 136 L. Ed.2d 437 (1996), the court may enter a remand order sua sponte. Thus, a remand order based on a lack of subject matter jurisdiction, whether sua sponte or not, falls within the scope of § 1447(c) and therefore is not reviewable by a court of appeals.

Ellenburg v. Spartan Motors Chassis, Inc., 519 F.3d 192, 196 (4th Cir. 2008). In Ellenberg, even though plaintiff failed to file a remand motion, the district court considered sua sponte whether the amount in controversy was sufficient to establish federal jurisdiction. See id. at 197. Defendants alleged in their Notice of Removal that the value of the matter in controversy exceeded $75,000.00. See id. Nevertheless, the district court remanded the case to state court, holding "that the allegation of the amount in controversy in the Notice of Removal, 'without more, [was] inadequate to establish the amount in controversy exceeds the jurisdictional amount' and that therefore the defendants `failed to bear the burden of establishing that the Court ha[d] jurisdiction over the matter for purposes of removal." Id. at 195 (quoting district court order).

The Fourth Circuit reversed the district court's decision concluding

> that it was inappropriate for the district court to have required a removing party's notice of removal to meet a higher pleading standard than the one imposed on a plaintiff in drafting an initial complaint. Therefore, just as a plaintiff's complaint sufficiently establishes diversity jurisdiction if it alleges that the parties are of diverse citizenship and that "[t]he matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332," see Fed. R. Civ. P. 84; Fed. R. Civ. P. app. Form 2(a), so too does a removing party's notice of removal sufficiently establish jurisdictional grounds for removal by making jurisdictional allegations in the

3

> same manner. Of course, on a challenge of jurisdictional allegations, "[t]he party seeking removal bears the burden of demonstrating that removal jurisdiction is proper." Blackwater, 460 F.3d at 583. But this burden is no greater than is required to establish federal jurisdiction as alleged in a complaint.

Id. at 200. In reversing the district court, the appeals court found it significant that "[n]owhere in its opinion, however, did the court actually find that subject matter jurisdiction over th[e] case did not in fact exist." Id. at 195. The Fourth Circuit did note that

> Upon remand, the district court may inquire sua sponte whether it has subject matter jurisdiction and impose on the defendants the burden of demonstrating jurisdiction, or it may invite a motion to remand based on a lack of subject matter jurisdiction and resolve the motion as it would any other motion, again imposing the burden of demonstrating jurisdiction on the defendants.

Id. at 200.

The Notice of Removal in the instant case reads as follows:

> The amount in controversy at issue in this civil action exceeds the amount of $75,000.00, inasmuch as Plaintiff's Complaint seeks recovery from Defendants the benefits of a credit life insurance policy with an amount of insurance in the sum of $21,965.04, has alleged that Defendants are guilty of intentional infliction of emotional distress, has alleged misrepresentations on the application of insurance, and seeks recovery for alleged fraud, seek's attorney's fees, and seeks punitive damages for alleged intentional conduct (which using a multiplier of only three (3) times the sums claimed under the alleged insurance agreement along with the general damages alleged and attorney fees potentially recoverable under

4

>West Virginia law, far exceeds the $75,000.00 threshold. . . .

Notice of Removal ¶3 (e). Accordingly, consistent with Ellenburg, the court is unable to find a procedural defect in the notice of removal absent a motion to do so from plaintiff. However, as noted above, serious concerns remain about whether the amount in controversy is sufficient to confer subject matter jurisdiction. For example, defendants contend that plaintiff seeks punitive damages. However, the court is unable to find any demand for punitive damages in the complaint. Furthermore, in cases where a jury "is presented with an intentional infliction of emotional distress claim, without physical trauma or without concomitant medical or psychiatric proof of emotional or mental trauma, . . . any damages awarded by the jury for intentional infliction of emotional distress under these circumstances necessarily encompass punitive damages." Tudor v. Charleston Area Med. Ctr., Inc., 203 W. Va. 111, 131-32 (1997).

As to plaintiff's demand for damages associated with her common law claims for fraud, negligence, carelessness, recklessness, and intentional infliction of emotional distress, "there is no evidence to quantify the liability to come from these claims." Id.; see also Bowyer v. Countrywide Home Loan Servicing, LP, Civil Action No. 5:096-cv-00027, 2009 WL 1073643,

*3 and n.2 (S.D.W. Va. Apr. 21, 2009) (remanding case to state court where court had no information to conclude actions taken by defendant would result in jury award in excess of $75,000 where plaintiff claimed damages for emotional distress, worry, bother, annoyance, inconvenience, embarrassment, and anger).

Finally, as to plaintiff's demand for attorney's fees, neither plaintiff nor defendants have cited any specific entitlement to attorney's fees, statutory or otherwise, that make it appropriate to consider them in determining the amount in controversy. See Thomas v. FIA Card Services, National Assoc., Civil Action No. 5:14-CV-79, 2014 WL 4954389 (N.D.W. Va. Oct. 2, 2014). Rather, the Notice of Removal only makes reference to "attorney fees potentially recoverable under West Virginia law." Notice of Removal ¶ 3(e).

For all these reasons, within 14 days of entry of this Memorandum Opinion and Order, the parties are hereby directed to file with the court briefs or any appropriate motion responsive to the court's jurisdictional inquiry.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to all counsel of record.

**IT IS SO ORDERED** on this 31st day of December, 2015.

ENTER: *David A. Faber*
David A. Faber
Senior United States District Judge