```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                       AT BLUEFIELD
```

**DEBORAH COLLINS, Individually and
as Sole Heir and Beneficiary of
AMELIA ANN MYERS,**

    **Plaintiff**

v.                                              Civil Action No: 1:15-07082

**T.D. AUTO FINANCE, et al.,**

    **Defendants**

### MEMORANDUM OPINION AND ORDER

This matter is before the court on the court's sua sponte consideration of subject matter jurisdiction.

This case was originally filed in the Circuit Court of McDowell County. On June 2, 2015, it was removed to this court. Thereafter, on June 29, 2015, plaintiff filed a "Withdrawal of Action From Federal Court" indicating that she "withdraws this action pursuant to the nonsuit of the original action filed in the Circuit Court of McDowell County, West Virginia. . . . " (Doc. No. 8).

By Memorandum Opinion and Order entered on August 12, 2015, the court informed the parties that it was going to construe plaintiff's filing as motion to dismiss pursuant to Federal Rule of Civil Procedure 41(a)(2). The court further ordered as follows:

    The parties (INCLUDING PLAINTIFF) are directed to file
    their objections, if any, to the voluntary dismissal of

this action within 14 days of entry of the Memorandum Opinion and Order. Furthermore, given that a counterclaim has been filed, the parties should inform the court of how the counterclaim would proceed in the event of dismissal.

After receiving responses from the parties relevant to the court's Order of August 12, 2015, see Docs. No. 16 through 20, as well as conducting a thorough review of the entire record herein, the court became concerned that the amount in controversy in this matter fails to meet the requisite threshold to establish this court's subject matter jurisdiction. By Memorandum Opinion and Order entered on December 31, 2015, the court advised the parties of its concerns, highlighting several perceived deficiencies in the Notice of Removal's recitation concerning the amount in controversy and indicating that it believed defendant had not met its burden in seeking removal. To that end, the parties were "directed to file with the court briefs or any appropriate motion responsive to the court's jurisdictional inquiry." (Doc. No. 21 at p. 6).

Defendant Financial American Life Insurance Company ("Financial American") filed a memorandum in support of its position that the amount in controversy exceeds $75,000.00. (Doc. No. 24). Defendant Ramey Chevrolet, Inc. filed a memorandum indicating that it joined in the argument in favor of federal jurisdiction asserted by Financial American. (Doc. No.

2

25). On January 25, 2016 and outside the timeframe for doing so, plaintiff filed a response to the court's order in which she argued that she "never intended to seek damages in excess of $75,000.00" and then recited the standard for granting a voluntary dismissal. (Doc. No. 26). Having reviewed the parties' submissions on the issue as well as the record, the court concludes that defendants have not met their burden of demonstrating that the amount in controversy herein exceeds $75,000.00.

## Removal Principles

With respect to this court's power to remand a case to state court, the United States Court of Appeals for the Fourth Circuit has stated:

> In the case where remand is based on a lack of subject matter jurisdiction, the remand order may be entered at any time, for jurisdiction goes to the very power of the court to act. See 28 U.S.C. § 1447(c); Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94, 118 S. Ct. 1003, 140 L. Ed.2d 210 (1998). In addition, because the lack of subject matter jurisdiction may be noticed by the district court sua sponte or by any party, see Arbaugh v. Y & H Corp., 546 U.S. 500, 506, 126 S. Ct. 1235, 163 L. Ed.2d 1097 (2006); Caterpillar Inc. v. Lewis, 519 U.S. 61, 69, 117 S. Ct. 467, 136 L. Ed.2d 437 (1996), the court may enter a remand order sua sponte. Thus, a remand order based on a lack of subject matter jurisdiction, whether sua sponte or not, falls within the scope of § 1447(c) and therefore is not reviewable by a court of appeals.

Ellenburg v. Spartan Motors Chassis, Inc., 519 F.3d 192, 196 (4th Cir. 2008).

## Analysis

The Complaint in this matter seeks benefits from a credit insurance policy. According to plaintiff, on August 13, 2012, she and Amelia Ann Myers purchased an automobile from defendant Ramey. See Complaint ¶ 6. In conjunction with the purchase of the automobile, Myers purchased or attempted to purchase credit life insurance. The face amount of that coverage was $21,965.04. See Exhibit B to Plaintiff's Complaint. Amelia Ann Myers died on August 8, 2014. See Exhibit B to Plaintiff's Complaint. After plaintiff was denied benefits from the policy, the instant lawsuit was filed. In the Complaint, plaintiff seeks payment for the balance due on the policy. Accordingly, the only concrete damages number on the table is $21,965.04.

With respect to plaintiff's demand for breach of contract, Financial American states that, if successful, plaintiff would be entitled to consequential damages which would include her attorney's fees and costs associated with bringing this lawsuit. Financial American does not quantify what the amount of costs and fees in this action might be. However, based upon its knowledge of the case, the court cannot see how attorney's fees and costs,

4

even if they were recoverable, would be sufficient to meet the jurisdictional amount.

In apparent recognition of this inescapable conclusion, Financial American contends that if West Virginia law were to apply – even though Financial American argues that it does not – that plaintiff would be entitled to seek extra-contractual damages pursuant to <u>Hayseeds, Inc. v. State Farm Fire and Cas.</u>, 352 S.E. 2d 73 (W. Va. 1986). Notably, plaintiff's Complaint does not contain a <u>Hayseeds</u> claim.

As for the court's observation that plaintiff did not make a demand for punitive damages in the Complaint even though the Notice of Removal states otherwise, Financial American concedes that "plaintiff has not specifically requested punitive damages." (Doc. No. 24 at p. 8). However, according to Financial American, plaintiff's allegations "implicate a claim for punitive damages. . . ." <u>Id.</u> Financial American then goes on to explain the types of punitive damage awards that are possible under <u>Hayseeds</u> and how such amounts can easily exceed $75,000.00. Again, plaintiff's Complaint seeks neither punitive damages nor does it contain a <u>Hayseeds</u> claim.

In summary, Financial American's assertions regarding how it has satisfied its burden of showing that the amount in controversy exceeds $75,000.00 depends upon this court: 1)

5

concluding that West Virginia law applies to the case when Financial American argues otherwise; (2) anticipating that plaintiff will be able to recover Hayseeds damages even though she has not advanced a bad faith Hayseeds claim; and 3) further anticipating that plaintiff can recover punitive damages when the Complaint does not specifically seek such damages. This the court cannot do.

As Judge Stamp noted in remanding a similar case to state court, "removal cannot be based on speculation; rather it must be based on facts as they existed at the time of removal." Williams v. Combined Ins. Co. of America, Civil Action No. 5:07CV157, 2008 WL 4446709, *3 (N.D.W. Va. Sept. 26, 2008). Aside from the $21,965.04 figure representing the face amount of the policy, Financial American's potential damages calculation is wholly speculative. It is based upon "what-if" scenario upon "what-if" scenario. Such speculative guesswork cannot serve as a basis for this court to exercise subject matter jurisdiction. Given that "courts should resolve all doubts about the propriety of removal in favor of retained state court jurisdiction," Harley v. CSX Transp., Inc., 187 F.3d 422, 425 (4th Cir. 1999) (internal citations and quotations omitted), the court concludes that the amount in controversy is not satisfied. For this reason, as discussed both in this Order and the court's Order of December

31, 2015, the court does not have subject matter jurisdiction over this lawsuit and the case is hereby **REMANDED** to the Circuit Court of McDowell County.

The Clerk is directed to send certified copies of this Memorandum Opinion and Order to all counsel of record and to the Clerk of the Circuit Court of McDowell County.

**IT IS SO ORDERED** on this 18th day of February, 2016.

                ENTER:

                *David A. Faber*
                David A. Faber
                Senior United States District Judge